COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE                                          417 SOUTH STATE STREET
VICE CHANCELLOR                                        DOVER, DELAWARE 19901
                                                      TELEPHONE: (302) 739-4397
                                                      FACSIMILE: (302) 739-6179

February 27, 2015

Melissa N. Donimirski, Esquire        David S. Eagle, Esquire
Proctor Heyman LLP                    Klehr Harrison Harvey Branzburg LLP
300 Delaware Avenue, Suite 200        919 North Market Street, Suite 1000
Wilmington, DE  19801                 Wilmington, DE  19801

        Re:     *Sutherland v. Sutherland*
                C.A. No. 2399-VCN
                Date Submitted:  November 13, 2014

Dear Counsel:

Katten Muchin Rosenman LLP ("Katten") asks to intervene in the long legal

battle between Plaintiff Martha S. Sutherland (as trustee of the Martha S.

Sutherland Revocable Trust dated August 18, 1976, "Martha")[1] and Defendants,

directors of Nominal Defendants Dardanelle Timber Co., Inc. and Sutherland

Lumber-Southwest, Inc. (the "Individual Defendants" and the "Companies,"

---

[1] There is some effort to distinguish between formal representation of Martha as an individual and as a trustee, but any distinction is not critical for purposes of this motion. *See infra*, note 20.

respectively).[2]  Katten seeks to file a Verified Petition for a Charging Lien based on $766,166.75 in unpaid fees and expenses incurred in representing Martha in earlier stages of this litigation.

Martha retained Katten in 2004 in connection with an action to inspect the books and records of the Companies under 8 *Del. C.* § 220.  Although Katten cannot locate the engagement letter it executed with Martha,[3] it is undisputed that Katten served as counsel in this litigation through the filing of derivative and double-derivative claims against the Individual Defendants, a successful effort to oppose a motion to dismiss (during the pendency of which the Individual Defendants acted to moot some of the claims[4]), the filing of an amended complaint, and a partially successful defense against a motion for summary

---

[2] Unless otherwise noted, the facts are drawn from the representations made in Katten's Motion for Leave to Intervene ("Mot. to Intervene").  The Court focuses on the facts relevant to the pending motion.  A fuller background can be found in previous opinions. *See, e.g.*, *Sutherland v. Sutherland*, 2014 WL 3906500, at *1 n.2 (Del. Ch. July 31, 2014).  The Court does not adjudicate the merits beyond what is necessary to determine whether Katten is entitled to intervene by filing its petition for a charging lien.

[3] *See* Reply in Further Supp. of Katten Muchin Rosenman LLP's Mot. for Leave to Intervene ("Katten's Reply") ¶¶ 3, 21; Pl.'s Mem. in Opp'n to Katten Muchin Rosenman's Pet. for Leave to Intervene ("Pl.'s Opp'n") 6.

[4] *Sutherland*, 2014 WL 3906500, at *2, *5.

judgment.[5]    In the spring of 2011, Martha retained Kusper Law Group, Ltd. ("Kusper") as counsel, and Katten withdrew.

To facilitate this transition, on March 29, 2011, Katten, Kusper, and Proctor Heyman LLP ("Proctor," and together with Kusper, "Current Counsel") agreed that Katten would "delay filing for an attorney charging lien."[6]    In turn, Current Counsel would not contest the timeliness of such filing if made "within 30 days of a substantive ruling by the Delaware Chancery Court that awards monies to Martha either as damages or as reimbursement of legal fees incurred" (the "March Agreement").[7]

---

[5] *See* Mot. to Intervene ¶¶ 3-5, 8; *see also* Katten's Reply ¶ 5.
[6] Mot. to Intervene ¶ 11.
[7] The March Agreement, in relevant part, is as follows:
> (1) Except as specifically provided below, nothing contained herein alters, amends, waives or impairs in any way the respective rights, claims or defenses of the parties . . . concerning Katten's assertion, prosecution, enforcement or validity of a charging or other lien . . . ;
> (2) . . . [I]f Katten files a charging lien within the time period provided in Paragraph 3 below, then Katten's asserted lien will be treated and considered as though filed as of the date of this email and such lien will have and retain the priority it would have had as if actually filed on the date hereof . . . ;
> (3) If Katten files a charging or other lien within 30 days of a substantive ruling by the Delaware Chancery Court that awards monies to Martha either as damages or as reimbursement of legal fees incurred in the derivative case pending in the Delaware Chancery

The Individual Defendants ultimately prevailed at trial. However, in a July 31, 2014, letter opinion, "the Court conclude[d] that Martha should be awarded attorneys' fees and expenses of $275,000" because of amendments to certain employment agreements following "vigorous motion practice."[8] Shortly before expiration of the time to appeal the Court's order granting Martha's fee petition (and within the period prescribed by the March Agreement), Katten moved to intervene, attaching a petition for a charging lien.

\* \* \* \* \*

Katten moves to intervene pursuant to Court of Chancery 24 (and to file a petition for a charging lien deemed filed *nunc pro tunc* to the date of the March Agreement), citing its engagement letter with Martha and the common law right to assert an attorney charging lien. Katten highlights its unique interest in relation to

---

Court, then none of Martha (individually or as trustee), Kusper or Proctor will argue, claim or contend that such filed lien is invalid or untimely . . . because Katten failed to file it sooner than the foregoing time period[].

Aff. of Bonita L. Stone in Supp. of Reply in Further Supp. of Katten Muchin Rosenman LLP's Mot. for Leave to Intervene ("Stone Aff.") Ex. A, at 2. The agreement defines "Kusper" as "Kusper & Raucci Chartered," but there has been no argument that the difference is material.

[8] *Sutherland*, 2014 WL 3906500, at \*5. The employment agreements were amended in July 2007.

the parties to this litigation and their counsel, as well as the March Agreement purportedly justifying its timeline.

Martha opposes intervention, emphasizing "stringent standards"[9] for post-judgment intervention due to concerns about judicial order and prejudice, given the protracted litigation and delayed filing. Martha also focuses on a lack of evidence supporting Katten's contractual right to recover fees from Martha in her capacity as trustee.[10]

Katten replies that the March Agreement precludes a timeliness objection and that its right to recovery would need to be determined at some point after the Court made a fee award. It contends that "stringent standards" do not govern this dispute because the policy reasons underlying any enhanced standards are not applicable. With respect to the engagement letter, Katten argues that an inability to produce the letter is not determinative of the outcome of the pending motion and that it undoubtedly represented Martha (technical capacity aside) in this litigation.

---

[9] Pl.'s Opp'n 2.

[10] In later correspondence, Martha adds that Katten's desired intervention would fall "outside of the scope of the jurisdiction retained by the Court"—namely, "Plaintiff's application for attorneys' fees and expenses." Letter from Melissa N. Donimirski, Esq. to the Court 3, Nov. 7, 2014. The Court considers the question of the appropriate recipient to be within the jurisdiction it retained over Martha's request for attorneys' fees and expenses.

* * * * *

A. *The Standard for Intervention of Right*

Court of Chancery Rule 24(a) provides for intervention of right

> Upon timely application . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[11]

"[T]imeliness is the threshold question to be determined, whether intervention is claimed of right or as permissive."[12] While "the mere fact that judgment already has been entered should not by itself require an application for intervention to be denied,"[13] courts are reluctant to permit post-judgment intervention.[14] Courts have

---

[11] Ct. Ch. R. 24(a).

[12] *Shanghai Power Co. v. Del. Trust Co.*, 1975 WL 4181, at *2 (Del. Ch. July 11, 1975).

[13] *Dugan v. Dineen*, 1990 WL 82719, at *5 (Del. Ch. June 12, 1990). There is some disagreement about whether the Court has entered a final judgment. *See* Letter from Jay N. Moffitt, Esq. to the Court 2, Nov. 5, 2014. The dispute over attorneys' fees and expenses was the only remaining part of the litigation, and the Court's letter opinion "conclude[d] that Martha should be awarded attorneys' fees and expenses." *Sutherland*, 2014 WL 3906500, at *5. The Court assumes that its letter opinion was a final judgment but observes that the outcome here would not be different if final judgment has not been entered.

[14] *Dugan*, 1990 WL 82719, at *5. *Dugan*'s analysis occurs in the context of permissive intervention, but the general policy considerations weighing against

"require[d] post-judgment intervenors to make a strong showing of entitlement and of justification for failure to request intervention sooner," based on concerns "that allowing intervention after judgment will either (1) prejudice the rights of the existing parties to the litigation or (2) substantially interfere with the orderly processes of the court."[15]

B. *Does Katten Have an Interest Relating to the Subject of the Action?*

While timeliness is the central dispute, the Court begins here with the basic disagreement over whether Katten has an interest permitting intervention of right. Katten asserts an interest in the Court's fee award under contractual and common law theories. Martha does not challenge the common law right to an attorney charging lien but focuses on the post-judgment stage of the litigation and Katten's inability to prove the terms of the elusive engagement letter.

An attorney charging lien is "'the right of an attorney at law to recover compensation for his services from a fund recovered by his aid, and also the right

---

post-judgment intervention also apply to intervention of right. *See Shanghai Power*, 1975 WL 4181, at *2.

[15] *Dugan*, 1990 WL 82719, at *5 (internal citations omitted).

to be protected by the court to the end that such recovery might be effected.'"[16]

Delaware precedent recognizes an attorney's right to a charging lien at law and equity.[17] An agreement governing fees does not preclude the assertion of a charging lien.[18] For example, in *Zutrau v. Jansing*, this Court looked to the terms of a fee agreement in determining the appropriate amount of an attorney charging lien.[19]

From the time Martha retained Katten[20] until she retained Kusper, she incurred $766,166.75 in legal fees and expenses for Katten's work in this litigation.

---

[16] *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 340 (Del. 2012) (quoting 2 Edward Mark Thornton, *A Treatise on Attorneys at Law* § 578 (1914)).

[17] *See id.* ("The reference to courts of law and equity implies that, although the lien is equitable in nature and based on general principles of justice, it can be asserted as a common law right. Both *Welsh* and *Wilkins* have been cited in Delaware cases and incorporated into our common law." (citing English common law cases)).

[18] *Zutrau v. Jansing*, 2014 WL 7013578, at *2 (Del. Ch. Dec. 8, 2014).

[19] *Id.*

[20] Martha questions Katten's interest in the pending matter because Katten refers to the engagement letter between itself and "Sutherland," a defined term in Katten's motion and the attached petition that refers to "Plaintiff Martha S. Sutherland" (instead of Martha expressly as a trustee). Pl.'s Opp'n 6-7 (referring to paragraphs one and fourteen of Katten's Motion for Leave to Intervene and similar language in the charging petition). Katten served as counsel in actions Martha brought as a shareholder, and the trust "was the vehicle created to hold Dardanelle stock for the sole benefit of Martha S. Sutherland individually." Katten's Reply ¶ 24. The Court will not now engage in a technical analysis of capacity when it is clear that

In the absence of the engagement letter, the Court does not have complete information about Katten's contractual rights. Regardless, Martha does not dispute that an engagement letter was signed, and the Court need not know all of its terms to grant the pending motion.[21] More importantly, there is no question that Katten has a common law right to pursue recovery of its fees and expenses incurred on Martha's behalf (although considerable disagreement exists over Katten's right to intervene at this time). There is no party to the action who represents Katten's interest in recovering its fees and expenses from this Court's award, an award that did not cover all of Martha's legal expenses.[22] Therefore, Katten has the requisite interest for intervention of right under Court of Chancery Rule 24.

---

Katten served as counsel in litigation for which fees were awarded on July 31, 2014.

[21] The Court on a motion to intervene does not determine who is responsible for the missing letter. Katten will need to substantiate its right to recover (and Martha will have the opportunity to present her defenses) at a later point.

[22] As is apparent from Martha's opposition memorandum, Martha and Current Counsel do not believe that Katten is entitled to any part of this Court's fee award. *See, e.g.*, Pl.'s Opp'n 5 ("Katten has a full and complete remedy if it wants to litigate with Martha Sutherland since Katten can just file a breach of contract action in Illinois state or federal court."). The possibility of an action in Illinois does not deprive Katten of its interest (or prejudice Martha) here.

C. *Was Katten's Application Timely?*

At the heart of this dispute is whether Katten, filing its motion for leave to intervene arguably just before the end of the period to appeal this Court's fee award, has made the requisite showing of timeliness to proceed. Katten points to the March Agreement, purportedly securing Katten's right to file a charging lien within thirty days of a substantive judgment on fees, and even prohibiting Martha and Current Counsel from contesting the timeliness of the application. Martha draws attention to the "strong showing" required for post-judgment intervention and points out that the March Agreement did not secure Katten's right to file a belated motion to intervene.

Timeliness, as discussed above, is a fundamental requirement for intervention. It "is to be determined from all the circumstances."[23] The fact that one seeks to intervene after final judgment has been entered does not automatically bar approval, but courts have required a strong showing that the circumstances justify the intervention due to concerns about prejudice and judicial order.[24] Under

---

[23] *Shanghai Power*, 1975 WL 4181, at *2 (internal quotation marks omitted).

[24] Whether this heightened standard applies, an issue Katten and Martha debate, does not affect the Court's decision because of the private ordering, explained *infra*.

the current set of facts, it is relevant that Delaware law generally respects the freedom of contract.[25] Nonetheless, contracting parties cannot force the Court to find that intervention is timely.[26]

Katten filed a motion to intervene on August 28, 2014—nearly one month after the Court resolved the last issues remaining in what has been more than ten years of litigation between Martha and the Individual Defendants. Katten knew about the litigation and Martha's accrued fees and expenses but "made no effort to intervene during the pendency of this action such that the parties and this Court could understand the potential impact of Katten's involvement and plan for it as this litigation wound up."[27] Katten's intervention would prevent the Court's final judgment from taking prompt effect, and the missing engagement letter suggests the possibility for fact discovery and a contractual dispute.

---

[25] *See, e.g.*, *ev3, Inc. v. Lesh*, 103 A.3d 179, 181 n.3 (Del. 2014).

[26] *Cf. e.g.*, *de Adler v. Upper N.Y. Inv. Co. LLC*, 2013 WL 5874645, at *8 (Del. Ch. Oct. 31, 2013) ("The Court's subject matter jurisdiction cannot be determined by contract, by consent in the pleadings, or even by procedural waiver." (footnotes omitted)); *Del. Elevator, Inc. v. Williams*, 2011 WL 1005181, at *15 (Del. Ch. Mar. 16, 2011) ("In Delaware, a contractual stipulation to irreparable harm does not force the Court's hand but is sufficient to support injunctive relief.").

[27] Pl.'s Opp'n 4.

The critical fact, however, is that Martha, Katten, and Current Counsel reached an agreement, on March 29, 2011,[28] anticipating the filing of a charging lien within thirty days of a substantive judgment on fees by this Court. Katten entered into the March Agreement to facilitate Martha's ongoing litigation, not to cause delay or to pursue some other improper purpose. Given the current record, the Court does not find the agreement to postpone filing unenforceable or illusory. As noted above, a private agreement cannot compel the Court to find that a filing is timely (although a private agreement might prevent the parties from arguing about timeliness among themselves). Here, for the goals the parties sought to accomplish with respect to the change in representation, the March Agreement appears to set a permissible timeline.

Martha contends that granting the motion will "cause prejudice to the parties and this Court by impacting negatively upon the orderly process of this litigation."[29] Admittedly, allowing intervention will add issues to resolve and prevent this litigation from coming to its anticipated end. Yet the March Agreement provides for an attorney charging lien to be filed within thirty days of

---

[28] *See* Stone Aff. Ex. A, at 1-2 (email chain showing acceptance).
[29] Pl.'s Opp'n 5.

this Court's decision on fees, and attorneys generally have a right to be compensated for their work. The Court does not deem prejudicial the resolution of a dispute that Martha and her counsel all expected to resolve at some reasonable time. Under these circumstances, granting the motion to intervene does not prejudice the Court or the parties.[30] Additionally, the intervention is not disruptive. Allowing intervention for the limited purpose of Katten's charging lien petition will not reopen issues that the Court has already decided. Rather, it would give proper effect to the agreement among Martha, Katten, and Current Counsel to prioritize litigation for their own necessary purposes. Therefore, policy concerns do not persuade the Court to deny Katten's motion.[31]

Finally, there is a suggestion that the March Agreement does not protect the filing of a motion to intervene (as opposed to a charging lien petition which could be filed in another court). The March Agreement technically did not address a motion to intervene. Nonetheless, the motion is a procedurally reasonable step to

---

[30] To the extent that Current Counsel argue that they should have been given notice earlier so that they could have planned for the claim, the Court observes that it, too, might have benefited from knowing of the agreement reached by Martha and her counsel.

[31] Or, framed in a more focused manner, the March Agreement offers a compelling justification for Katten's timeline.

lodge the charging lien: in order to file a charging lien, Katten should become a party to the action. Katten's argument that the implied covenant of good faith and fair dealing protects the procedural mechanism to file the charging lien petition,[32] thus, also is persuasive. Katten participated in this litigation in this Court, and Delaware law recognizes a right to a charging lien. Therefore, Katten has met the requirements for intervention pursuant to Court of Chancery Rule 24(a).

* * * * *

For the reasons above, Katten's Motion for Leave to Intervene is granted.[33]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc: Jay N. Moffitt, Esquire
   Robert S. Saunders, Esquire
   Register in Chancery-K

---

[32] Katten's Reply ¶ 9.

[33] Katten asks that the charging petition be deemed filed and effective as of March 29, 2011, the date of the March Agreement. Determination of an effective date is not essential to the question of whether leave to intervene should be granted.